UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Whelan Advisory Capital Markets, LLC et al.,<br><br>       Plaintiffs,<br><br>    v.<br><br>HomeSource Operations, LLC,<br><br>       Defendant. | 24-CV-207 (DEH)<br><br>ORDER |

DALE E. HO, United States District Judge:

  Before the Court is Petitioners' Motion to Compel HomeSource Operations, LLC ("Respondent") to comply with an information subpoena (the "Motion"). *See* ECF Nos. 26, 28. Petitioners also seek attorney's fees in connection with bringing this Motion. *See id.* The facts and procedural history relevant to the Motion are summarized in this Court's Order and Opinion dated September 10, 2024, familiarity with which is assumed. *See* ECF No. 24. For the reasons discussed below, Petitioners' Motion and accompanying request for attorney's fees are both **GRANTED**.

  1. **Petitioners' Motion to Compel**

  Petitioners served a restraining notice and information subpoena on Respondent seeking information regarding Respondent's assets, debtors, and other information relevant to the satisfaction of Petitioners' outstanding judgement against Respondent. ECF No. 28 at 2, 4.

  "At the outset, we note that broad post-judgment discovery in aid of execution is the norm in federal and New York state courts." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012). Post-judgement discovery is governed by Rule 69 of the Federal Rules of Civil Procedure, which permits a judgment creditor to "obtain discovery from any person— including the judgment debtor—as provided in these rules or by the procedure of the state where

the court is located." Fed. R. Civ. P. 69(a)(2). New York's Civil Practice Law and Rules ("CPLR") provide that "[a]t any time before a judgment is satisfied or vacated, the judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena." CLPR § 5223. "Under New York law, a judgment creditor can use an information subpoena to compel disclosure of information relevant to a judgment debtor's satisfaction of the judgment." *Soundkillers LLC v. Young Money Entertainment, LLC*, No. 14 Civ. 7980, 2016 WL 4990257, at *3 (S.D.N.Y. 2016); *see* CPLR § 5224. According to Section 5224 of the CLPR, "[s]ervice of an information subpoena may be made by registered or certified mail, return receipt requested" and responses are due "within seven days after receipt." CPLR § 5224(a)(3). Failure to comply with an information subpoena is governed by CPLR Section 2308(b), which authorizes motions to compel compliance. CLPR § 5224(a)(3)(iv). "[F]ailure to comply with a subpoena may be deemed a contempt of court punishable by monetary sanctions." *Perez v. N&A Produce and Grocery Corp.s*, No. 16 Civ. 9753, 2019 WL 13249029, at *1 (S.D.N.Y. May 23, 2019); *see* CPLR § 2308(a).

   Here, counsel for Petitioners filed a declaration stating that Respondent was served with a restraining notice and information subpoena on October 15, 2024, by certified mail, with return receipt requested (the "subpoena"). ECF No. 27 at 2. The subpoena was addressed to Respondent's last known office address and its registered agent. *Id.* Petitioners' counsel further declared that on October 24, 2024, counsel received "a return slip for the Subpoena addressed to [Respondent's] registered agent indicating that it was delivered and received on October 21, 2024." *Id.* While Petitioners' subpoena requested responses within seven days of receipt, to date, no responses have been received. *Id.*

   After reviewing the Petitioners' declaration and accompanying exhibits, the Court finds that the information subpoena was properly served in compliance with CPLR § 5223 and § 5224.

Moreover, Petitioners' motion is unopposed. Therefore, Petitioner's Motion is **GRANTED**. Respondent is directed to respond to Petitioners' information subpoena in its entirety no later than **May 14, 2025**.

### 2. Petitioners' Request for Attorney's Fees

Petitioners also seek damages in the amount of $3,110.00, representing $3,060.00 in attorney's fees related to bringing the present Motion and a $50.00 penalty. ECF No. 28 at 5.

"In addition to a $50.00 penalty and costs up to $50.00, CPLR § 2308(b)(1) authorizes an award of 'damages sustained by reason of the failure to comply,' . . . [and] [d]amages 'include reasonable attorneys' fees incurred in making the motion to compel and enforcing the information subpoena.'" *Russian Sch. of Mathematics, Inc. v. Sinyavin*, No. 23 Civ. 8103, 2024 WL 4449670, at *2 (S.D.N.Y. Oct. 9, 2024) (quoting *Buffalo Laborers Welfare Fund v. Leone Constr., Inc.*, No. 18 Civ. 544, 2021 WL 5119720, at *2 (W.D.N.Y. Nov. 4, 2021)); *see* CPLR § 2308(b)(1). "Ultimately, the determination of a reasonable fee is within the district court's discretion." *Buffalo Laborers Welfare Fund*, 2021 WL 5119720, at *7.

Here, Petitioners submit, as an exhibit, billing records from Barton LLP, the firm representing Petitioners, detailing the costs and fees incurred in connection with bringing this Motion. *See* ECF No. 27, Ex. 4. Upon review of those records, the Court finds that 6.8 hours billed in connection with researching and drafting this Motion is reasonable. *See Russian Sch. of Mathematics, Inc.*, 2024 WL 4449670, at *2 ("The Court finds that 8.9 hours billed for work performed in attempts to effect compliance with the information subpoenae and in making this motion to compel is reasonable."). Moreover, Courts in this District have found that a "rate of $500 per hour is reasonable for work of this sort in the Southern District of New York." *Id.* Thus, this Court concludes that counsel's rate of $450 per hour is also reasonable. *See* ECF No.

27, Ex. 4. Accordingly, the total amount of damages and penalties is $3,110.00, representing $3,060.00 in attorney's fees and the $50.00 penalty authorized by CPLR § 2308(b)(1).

For the foregoing reasons, Petitioners' Motion is **GRANTED**. Petitioners' request for attorney's fees is also **GRANTED**. Respondent is directed to pay the damages and penalties award totaling $3,110.00 within thirty days of the date of this Order. The Clerk of Court is respectfully directed to terminate ECF No. 26.

SO ORDERED.

Dated: April 16, 2025
New York, New York

DALE E. HO
United States District Judge